IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**WILLIAM E. BRIGHTMON,**

    **Plaintiff,**

**vs.**                                   **CASE NO. 1:16cv132-MW/CAS**

**NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,**

    **Defendant.**

_____/

## **REPORT AND RECOMENDATION**

As the prevailing party in this case, ECF Nos. 29-30, 33, Plaintiff filed a petition for attorney's fees (including costs and expenses) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] ECF No. 34. Plaintiff's attorney requests an award for attorney's fees of $10,630.84, costs of $218.00, and expenses of $26.18. Id. On January 22, 2019, Defendant filed a Joint Stipulation and stated the parties "stipulated and agreed" that Plaintiff's petition "should be dismissed as moot" considering

---

[1] In Shalala v. Schaefer, 509 U.S. 292 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney's fees and expenses under the EAJA.

Case No. 1:16cv132-MW/CAS

the terms and conditions set forth in the Joint Stipulation. ECF No. 36. Defendant agrees that Plaintiff is entitled to an award of $10,245.48 in attorney's fees, $218.00 in costs, and $26.18 in expenses under the EAJA. *Id*.; *see id*. at 2 n.1 (costs and expenses separately stated). It is represented that Plaintiff agrees. *Id*.

In accordance with Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010), the EAJA fee should be made payable to Plaintiff, not to Plaintiff's attorney. Since the fee was assigned to Plaintiff's attorney, payment of the fee to Plaintiff's attorney is authorized so long as Plaintiff has no debt to the United States, and any such debt will be offset before payment.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's petition for attorney's fees, ECF No. 34, be **GRANTED** in light of the parties' stipulation and that the court award attorney's fees of $10,245.48, $218.00 in costs, and $26.18 in expenses. The Commissioner should be afforded, however, the opportunity to offset from this amount any debt owed by the Plaintiff to the United States that may be identified by the Department of Treasury and any ultimate distribution shall be made in accordance with

Astrue v. Ratliff.

IN CHAMBERS at Tallahassee, Florida, on January 22, 2019.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**